The form of this indictment is evidently taken (197) from the English precedents of indictments against the county for not keeping in repair the roads and bridges within the county, and I agree with the counsel for the defendants that there is no analogy in *Page 86 
the cases. Of common right, in England, the county is bound to keep all public roads and bridges in repair. They can protect themselves from the burthen only by throwing it on some other person. The corpusdelicti is the permitting the road or bridge to be out of repair. The law will admit of no such defense as here, the employment of all the means in their power, an ineffectual attempt to repair. It presupposes an ability, and concludes that these defenses are false in point of fact. The justices of our county court are not obliged, by their own exertions, to build and repair jails; they are only to use the means to that end which the law has placed in their power; they are to lay the tax, make the order, appoint a treasurer of public buildings, appoint commissioners to contract for the building of the jail. An omission to perform one or all those acts, when necessary, is a violation of their duty, and they being of public concern, such omission is indictable. But the indictment must be conformable to the fact; it must charge which of these duties was omitted; for if this indictment were good, they might have made the order for repairing the jail, appointed the treasurer of public buildings, laid the tax for that purpose, and appointed commissioners to contract, and in every respect done their duty, and yet the indictment be true, that is, the jail out of repair on account of a failure somewhere beyond the control of the justices, and when they are actually endeavoring to punish the individual who failed to do his duty and to rectify the injury which he had done. I repeat it again, they are not by law bound to build or repair jails, but to take specific measures to that end. Their liability arises, not from the thing being undone, as here observed, but in (198) not taking those measures which the law has instructed them to take. I have no hesitation in saying that for this they are indictable, and without the least corruption, for in these cases they act not in their judicial characters, but as police officers; and that they may be indicted jointly, or rather as a body; for it is in their omission as a body that they have offended. The omission of the one is not the omission of the other; they are not responsible for the acts of each other, but the body as a body is liable for its own acts. Any individual member may justify, or rather defend, himself, as an individual, and escape individual punishment, by showing that he endeavored to cause the body to do its duty. The demurrer should be sustained.
HALL, J., assenting. Affirmed.
Cited: S. v. Comrs., 15 N.C. 351; S. v. R. R., 44 N.C. 236; S. v.Comrs., 48 N.C. 403; Kinsey v. Magistrates, 53 N.C. 187; S. v.Fishblate, 83 N.C. 655; White v. Comrs., 90 N.C. 439; S. v. Britt,118 N.C. 1257; S. v. Jarvis, 129 N.C. 702; S. v. Leeper, 146 N.C. 665. *Page 87